1  H. MICHAEL BRUCKER LAW CORPORATION
2  H. MICHAEL BRUCKER (#36297)
   5855 DOYLE STREET, SUITE 110
3  EMERYVILLE, CA  94608
   Telephone:  (510) 654-6200
4  Facsimile:  (510) 654-6166
   E-Mail:  michael@hmblawoffice.net
5
   STEVEN M. KIPPERMAN LAW CORPORATION
6
   STEVEN M. KIPPERMAN (#40895)
7  220 Montgomery St., Ste. 1077
   San Francisco, CA  94104
8  Telephone:  (415) 397-8600
   Facsimile:  (415) 397-0792
9  E-Mail:  kipperman@aol.com

10  Counsel for Plaintiff Folkmanis, Inc.

11

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15  FOLKMANIS, INC.,                    Case No.

16          Plaintiff,                  **Complaint for Copyright Infringement**
                                        **Demand for Jury Trial**
17  vs.

18  DELIVERY AGENT, INC.;
    S.F. GLOBAL SOURCING LLC;
19  CBS BROADCASTING, INC. and
    SHANGHAI ORILAND TOYS CO.,
20  LTD.,

21          Defendants.

## NATURE OF ACTION

1. This is an action for copyright infringement under the Copyright Act, Title 17 of the United States Code.

## PARTIES

2. Plaintiff Folkmanis, Inc. ("Folkmanis") is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Alameda County, California.

3. Defendant Delivery Agent, Inc. ("DA") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in San Francisco, California.

4. Defendant S.F. Global Sourcing LLC ("SFGS") is a California limited liability company with its principal place of business in San Francisco, California.

5. Defendant CBS Broadcasting, Inc. ("CBS") is a corporation duly organized and existing under the laws of the State of New York qualified to do and doing business in California in part through its agent, DA, in San Francisco, California, and elsewhere.

6. Defendant Shanghai Oriland Toys Co., Ltd. ("SOTC") is an entity the precise nature of which is unknown to Plaintiff and whose principal place of business is in Shanghai, China.

7. SOTC does business in California by, *inter alia*, taking orders from, and shipping product to and at the direction of, SFGS, including items which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

9. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that

Defendants DA and SFGS reside and are found in this District, and acts of infringement complained of herein by each Defendant occurred in this District.

## INTRADISTRICT ASSIGNMENT

10. This action is an "intellectual property" action within the meaning of Local Rule 3-2(c) and (d), and is therefore appropriate for district-wide assignment.

11. Plaintiff and its witnesses are in Alameda County; the primary Defendants and their witnesses are in San Francisco County.

## FACTS

12. Plaintiff Folkmanis is a creator, manufacturer and distributor of high quality, three-dimensional soft sculptural works, including stuffed animal puppets of original design. Over the past four decades, Folkmanis artists have designed and crafted over a thousand different plush, museum quality stuffed animal puppets crafted from the finest materials. These puppets have found widespread acceptance throughout the world, including as characters on television programs including programs published by Defendant CBS. Over the years, Folkmanis puppets have garnered numerous awards in recognition of outstanding creativity, craftsmanship, and quality. A Folkmanis puppet sets the standard of excellence against which all others are measured.

13. Defendant CBS produces, distributes, and airs the television series NCIS (Navel Criminal Investigation Service) and owns, *inter alia*, the U.S. Trademark Registration No. 4579206 for the service mark CBS STORE, for use in connection with on-line retail store services featuring a wide variety of merchandise including that related to CBS properties such as NCIS.

14. DA operates various on-line "stores" for various entities including CBS and NBC, among others. DA is authorized to operate the CBS Store by CBS which allows DA to operate under CBS' CBS STORE service mark. Through the CBS Store, DA advertises, takes orders for, and sells merchandise related to CBS

entertainment properties, such as the television show "NCIS". CBS is paid by its agent, DA, a portion of the sales revenue from CBS Store sales.

15. SFGS specializes in sourcing products from China for various California businesses including DA.

16. Defendant SOTC has, without authorization, copied, manufactured and distributed goods into California that violate Plaintiff's exclusive rights to make copies and distribute such goods.

17. In 2002, Plaintiff commenced production and general distribution of an original, 20-inch, three-dimensional, soft sculptural puppet emulating a hippopotamus ("Hippo 1").

18. In 2003, a Hippo 1 puppet was acquired by and used by Defendant CBS as a prop in more than a dozen episodes of its nationally distributed television show NCIS. When Hippo 1 appeared on the CBS NCIS show, it was often accompanied by a dubbed sound effect of a fart attributable to the Hippo 1 puppet, and the show puppet was referred to and came to be known as "Bert the Farting Hippo". Bert the Farting Hippo has appeared in more than a dozen episodes of the CBS NCIS show between 2003 and the present.

19. In 2006, Folkmanis retired Hippo 1 puppets from its line of merchandise.

20. In 2009, Plaintiff commenced production and general distribution of an 18-inch version of the Hippo 1 puppet ("Hippo 2" puppet) which was identical to the Hippo 1 puppet in every respect other than it was approximately ten percent smaller. In 2009, Folkmanis obtained and currently owns U.S. Copyright Registration No. VA 1-699-828 for its Hippo 2 puppet as a "sculpture/3-D artwork".

1    21.    By 2010, about six months after Folkmanis introduced the Hippo 2 puppet into its line, Defendants CBS and DA had surmised that a hippo puppet would be a profitable product to offer for sale on the CBS Store.

    22.    DA contacted Folkmanis and contracted to have a special edition of the Hippo 2 puppet made exclusively for DA and CBS. The special edition Hippo 2 puppet ("Hippo 2.1" puppet) is identical to the Hippo 2 puppet with the addition of a spiked choke collar and a sound box that emulates the sound of a fart. The copyrightable subject matter of the Hippo 2.1 puppet is identical to the copyrightable subject matter of the Hippo 2 puppet. DA and CBS sold Hippo 2.1 puppets, *inter alia*, on the CBS Store under the name "Bert the Farting Hippo". Below is a typical add for "Bert the Farting Hippo" appearing on the on-line CBS Store.



23. From 2010 to sometime in 2012, DA ordered hippo puppets exclusively from Folkmanis, who supplied approximately 30,000 Hippo 2.1 puppets in that time period. DA and CBS offered Hippo 2.1 puppets, together with related merchandise, for sale on its online CBS Store, as well as on other online stores, including without limitation, the NBC Store, Amazon, eBay, and others.

24. In 2011, with profitable sales of Bert the Farting Hippo occurring, DA requested that Folkmanis design a small soft sculpture hippo that looked like the Hippo 2.1 puppet but was smaller, not a puppet and connected to a key ring to form a keychain to be sold by DA and CBS on the CBS Store. In response, Folkmanis created an original, three-dimensional soft sculptural work emulating a hippo, similar to the Hippo 2.1 puppet (including a sound box and collar) to be used as part of a keychain ("Hippo KC").

25. On July 18, 2014, before filing suit, Folkmanis applied for a copyright registration of its Hippo KC original work. That application is pending.

26. From 2011 to sometime in 2012, DA ordered and received several thousand Hippo KC keychains from Folkmanis that were sold by DA and CBS on the CBS Store and other online stores. In addition, DA offered and sold merchandise relating to Hippo 2.1 puppets and Hippo KC keychains on the CBS Store, as well as on other online stores.

27. In 2012, an employee of DA, without authorization from Folkmanis, contracted with Defendant SFGS to procure hippo puppets and hippo keychains from China for DA and CBS to sell on the CBS Store and elsewhere. Thereafter, DA did not place any further orders from Folkmanis for hippo puppets or hippo keychains.

28. In 2012, SFGS, acting for DA — which was acting for itself, for the CBS Store, and for Defendant CBS — contracted with Defendant SOTC in China to have hippo puppets and hippo keychains made and shipped to California, in at

least some instances directly to DA.  The hippo puppets and hippo keychains made and distributed by SOTC to SFGS, sold and distributed by SFGS to DA, and sold and distributed by DA and CBS to customers, are slavish copies of Folkmanis' copyrighted Hippo 2 puppet and Folkmanis' copyrighted Hippo KC keychains.

29. The unauthorized manufacture, distribution, display, and sale of the SOTC-manufactured hippo puppets and hippo keychains by SOTC, SFGS, DA, and CBS infringe the exclusive copyrights of Plaintiff.

30. Every genuine Folkmanis Hippo 2 puppet, Hippo 2.1 puppet, and Hippo KC keychain has a sewn in tag that prominently displays a copyright notice that reads:

"© Folkmanis, Inc.  All rights reserved."

31. The infringement by SOTC, SFGS, CBS, and DA was and is willful.

### FIRST CLAIM FOR RELIEF

32. Plaintiff incorporates as though here fully set forth the allegations of Paragraphs 11-31 above;

33. The acts and conduct of Defendants constitute copyright infringement of Plaintiff's copyright in its Hippo 2 puppet evidenced by Registration VA-699-828.

### SECOND CLAIM FOR RELIEF

34. Plaintiff incorporates as though here fully set forth the allegations of Paragraphs 12-31 above;

35. The acts and conduct of Defendants constitute copyright infringement of Plaintiff's copyright in it Hippo KC keychain evidenced by Plaintiff's Registration Application filed July 18, 2014.

///

///

///

# DAMAGE ALLEGATIONS
# COMMON TO BOTH CLAIMS FOR RELIEF

36. In addition to selling hippo puppets and hippo keychains that directly infringe Plaintiff's copyrights, Defendants DA and CBS caused to be made, and sold, displayed, and distributed — and Defendants SFGS and SOTC contributed to the sales, display, and distribution of — other merchandise, some of which constitute derivative works sold in violation of Plaintiff's exclusive right to make derivative works, and some of which did not infringe but which garnered revenue as a result of the infringements.

37. With regard to the directly infringing works and derivative works, Plaintiff is entitled to Defendants' profits according to proof which are estimated at this time to be approximately $733,000.00.

38. With regard to the profits from the sale of other merchandise sold and distributed by DA and CBS due to the unauthorized use of infringing copies of Plaintiff's copyrighted works, Plaintiff is entitled to a portion of those profits according to proof.

# PRAYER

Plaintiff requests the following relief:

1. Judgment against Defendants and each of them, jointly and severally, in a sum equal to all profits made by the manufacture, display, sale and distribution of infringing copies and derivative works of Plaintiff's copyrighted works.

2. Judgment against Defendants and each of them, jointly and severally, in a sum equal to a reasonable and fair share of the profits made from non-infringing goods by making use of infringing copies of Plaintiff's copyrighted works.

3. That Defendants, and each of them, their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with,

by, through or under authority from any of them, and each of them, be preliminarily and permanently enjoined from: (a) copying, reproducing, manufacturing, duplicating, disseminating, or distributing copies of any Folkmanis copyrighted pictorial, graphic, sculptural, or visual art work (or product embodying such art work) or otherwise infringing any of Folkmanis' rights under 17 U.S.C. §101 et seq.

4. That Defendants, and each of them be ordered to deliver up for destruction all Infringing Merchandise and all other products, containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of any of them found to infringe Folkmanis' copyrights rights, as well as all plates, matrices, molds, files, artwork, or other means of making the same;

5. That Defendants, and each of them be required to file with the Court and serve on Folkmanis within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants and each of them has complied with the Injunction;

6. That Defendants, and each of them be held liable for all enhanced, statutory, or actual damages (including but not limited to Folkmanis' lost profits) to which Folkmanis is entitled as a result of the acts and omissions alleged herein;

7. That Defendants, and each of them be compelled to account to Folkmanis for any and all profits derived by Defendants, and each of them from its illegal acts complained of herein;

8. That the Court award Folkmanis its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

9. That the Court grant Folkmanis any other remedy to which it may be entitled as provided for in Title 17 of the United States Code; and

///

10. For such and other further relief that the court deems just and proper.

Dated: August 25, 2014

                H. Michael Brucker Law Corporation
                Steven M. Kipperman Law Corporation

                <u>/s/ H. Michael Brucker</u>
                H. Michael Brucker Law Corporation
                H. Michael Brucker
                Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff FOLKMANIS demands a jury trial.

Dated:  August 25, 2014

                                      H. Michael Brucker Law Corporation
                                      Steven M. Kipperman Law Corporation

                                      /s/ H. Michael Brucker
                                      H. Michael Brucker Law Corporation
                                      H. Michael Brucker
                                      Counsel for Plaintiff