
Case3:14-cv-03828-EMC   Document14   Filed10/27/14   Page1 of 10

DAVID J. MILLSTEIN, Esq., State Bar No.: 87878
GERALD S. RICHELSON, Esq.  State Bar No.: 267705
MILLSTEIN & ASSOCIATES
100 The Embarcadero, Suite 200
San Francisco, CA 94105
Telephone: (415) 348-0348
Facsimile:  (415) 348-0336

Attorney for Defendant
S.F. Global Sourcing LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FOLKMANIS, INC., | CIVIL CASE NO.:  14−CV−03828-EMC |
| Plaintiff, | |
| vs. | **ANSWER OF SF GLOBAL SOURCING LLC.** |
| DELIVERY AGENT, INC.;, S.F. GLOBAL SOURCING LLC; CBS BROADCASTING,INC. and SHANGHAI ORILAND TOYS CO.,LTD., | |
| Defendants. | |

　　　Defendant SF Global Sourcing LLC. ("Defendant") responds to the complaint (filed August 25, 2014) (hereinafter "Complaint"), in the above captioned matter as follows:

　　　1.　　In response to the allegations contained in Paragraph 1 of the complaint, Defendant states Paragraph 1 contains only legal conclusions to which no response is necessary.


1
ANSWER OF SF GLOBAL SOURCING LLC.                          14-cv-03828-EMC

2. In response to the allegations contained in Paragraph 2 of the complaint, Defendant admits Folkmanis, Inc. is a corporation organized under the laws of California with its principle place of business in Alameda County, CA.

3. In response to the allegations contained in Paragraph 3 of the complaint, Defendant admits Delivery Agent, Inc. ("DA") is a corporation organized under the laws of Delaware with its principle place of business in San Francisco, CA.

4. In response to the allegations contained in Paragraph 4 of the complaint, Defendant admits that it is a limited liability company with its principle place of business in San Francisco, CA.

5. In response to the allegations contained in Paragraph 5 of the complaint, Defendant admits CBS Broadcasting Inc. ("CBS") is a corporation duly organized under the laws of the state of New York qualified to do business in California.  Defendant, however, lacks full knowledge of CBS' relationship with DA sufficient to admit or deny whether one is the agent of the other.

6. In response to the allegations contained in Paragraph 6 of the complaint, Defendant states that it does not have sufficient information to admit or deny the allegation in this paragraph as to the business structure of Shanghai Oriland Toys Co. Ltd. ("SOTC") or its principle place of business.

7. In response to the allegations contained in Paragraph 7 of the complaint, Defendant admits SOTC takes orders from California.  Defendant does not have sufficient information to admit or deny whether those items infringe on Plaintiff's copyrights.

8. In response to the allegations contained in Paragraphs 8 and 9 of the complaint, Defendant admits that this court has jurisdiction.

9. In response to the allegations contained in Paragraphs 10 and 11 of the

complaint, Defendant admits a district wide assignment is appropriate.

10. In response to the allegations contained in Paragraph 12 of the complaint, Defendant admits that Folkmanis has created puppets, Defendant, however, lacks knowledge sufficient to admit or deny the quality, acceptance, use in media, or awards earned by said puppets.

11. In response to the allegations contained in Paragraph13 of the complaint, Defendant admits these allegations.

12. In response to the allegations contained in Paragraph 14 of the complaint, Defendant admits these allegations.

13. In response to the allegations contained in Paragraph 15 of the complaint, Defendant admits the allegations.

14. In response to the allegations contained in Paragraph 16 of the complaint, Defendant states that it lacks knowledge sufficient to admit or deny this allegation.

15. In response to the allegations contained in Paragraph 17 of the complaint, Defendant states that it lacks knowledge sufficient to admit or deny this allegation.

16. In response to the allegations contained in Paragraph 18 of the complaint, Defendant admits that Bert the Farting Hippo has appeared the CBS show NCIS between 2003 and the present.  Defendant lacks knowledge to sufficient to admit or deny whether that hippo was the one described by Plaintiff.

17. In response to the allegations contained in Paragraph 19 of the complaint, Defendant lacks information sufficient to admit or deny whether Folkmanis retired their hippo puppets from its line of merchandise in 2006.

18. In response to the allegations contained in Paragraph 20 of the complaint, Defendant lacks knowledge sufficient to admit or deny when Plaintiff commenced producing

another hippopotamus puppet product.  Defendant lacks knowledge sufficient to admit or deny whether Folkmanis obtained US Copyright Registration No. VA 1-699-828.

19. In response to the allegations contained in Paragraph 21 of the complaint, Defendant lacks sufficient knowledge to admit or deny what any other party "surmised".

20. In response to the allegations contained in Paragraph 22 of the complaint, Defendant lacks knowledge sufficient to admit or deny communications between DA and Plaintiff.  Defendant further lacks knowledge sufficient to admit or deny whether the two referenced Hippos are identical save for the spiked choke collar and sound box.   The allegations relating to the copyrightability of the subject manner is a legal conclusion requiring no response.  Defendant admits that the included screen grab in this paragraph is representative of an advertisement on the CBS store's website.

21. In response to the allegations contained in Paragraph 23 of the complaint, Defendant lacks knowledge sufficient to admit or deny the number of hippo puppets supplied to Folkmanis.  Defendant admits that DA and CBS offered Hippo puppets for sale.

22. In response to the allegations contained in Paragraph 24 of the complaint, Defendant lacks knowledge sufficient to admit or deny the content of communications between Plaintiff and DA or what Plaintiff did in response to those communications.

23. In response to the allegations contained in Paragraph 25 of the complaint, Defendant lacks knowledge sufficient to admit or deny the allegation.

24. In In response to the allegations contained in Paragraph 26 of the complaint, Defendant admits the allegations therein.

25. In response to the allegations contained in Paragraph 27 of the complaint, Defendant admits it was contacted by DA for the purpose of sourcing hippo products from china.  Defendant lacks knowledge sufficient to admit or deny whether DA had authorization

to make this contact or if it was the reason that no further orders were placed with Plaintiff.

26.     In response to the allegations contained in Paragraph 28 of the complaint, Defendant admits sourcing Hippo key chains and puppets from China, but denies that they are "slavish" copies of any Folkmanis products.

27.     In response to the allegations contained in Paragraph 29 of the complaint, Defendant denies the allegations therein.

28.     In response to the allegations contained in Paragraph 30 of the complaint, Defendant lacks knowledge sufficient to admit or deny the allegations there in.

29.     In response to the allegations contained in Paragraph 31 of the complaint, Defendant denies the allegations therein.

30.     In response to the allegations contained in Paragraph 32 of the complaint, Defendant incorporates its responses contained in Paragraphs 9-29 above.

31.     In response to allegations contained in Paragraph 33 of the complaint, Defendant states the allegations contained therein constitute a legal conclusion requiring no response.

32.     In response to the allegations contained in Paragraph 34 of the complaint, Defendant incorporates its responses contained in Paragraphs 9-29 above.

33.     In response to allegations contained in Paragraph 35 of the complaint, Defendant states the allegations contained therein constitute a legal conclusion requiring no response.

34.     In response to the allegations contained in Paragraph 36 of the complaint, Defendant states the allegations contained therein constitute a legal conclusion requiring no response.

35.     In response to the allegations contained in Paragraph 37 of the complaint,

Defendant states that to the extent the allegation constitutes legal conclusions no response is required. Defendant, further, denies it profited in an amount of approximately $733,000.

36. In response to the allegations contained in Paragraph 38 of the complaint, Defendant states the allegations contained therein constitute legal conclusions requiring no response.

37. In response to the allegations contained in Paragraph 1 of the prayer in Plaintiff's complaint, Defendant states that the allegations contained therein constitute legal conclusions requiring no response. Defendant denies it owes Plaintiff any relief.

38. In response to the allegations contained in Paragraph 2 of the prayer in Plaintiff's complaint, Defendant states that the allegations contained therein constitute legal conclusions requiring no response. Defendant denies it owes Plaintiff any relief.

39. In response to the allegations contained in Paragraph 3 of the prayer in Plaintiff's complaint, Defendant states that Plaintiff is not due any injunctive relief, and Defendant denies violating any copyright.

40. In response to the allegations contained in Paragraph 4 of the prayer in Plaintiff's complaint, Defendant denies having any material infringing on any valid copy right of Plaintiff.

41. In response to the allegations contained in Paragraph 5 of the prayer in Plaintiff's complaint, Defendant states the allegations contained therein constitute legal conclusions requiring no response.

42. In response to the allegations contained in Paragraph 6 of the prayer in Plaintiff's complaint, Defendant denies that it owes Plaintiff any enhanced statutory or actual damages.

43. In response to the allegations contained in Paragraph 7 of the prayer in

Plaintiff's complaint, Defendant states it does not owe Plaintiff an accounting.

44. In response to the allegations contained in Paragraph 8-9 of the prayer in Plaintiff's complaint, Defendant states the allegations contained therein constitute a legal conclusion requiring no response.

## **AFFIRMATIVE DEFENSES**

45. By way of affirmative defense to the allegations of the Complaint herein, Defendant allege as follows:

### **FIRST AFFIRMATIVE DEFENSE**

46. Plaintiff's Complaint, and each and every claim therein, fails to state a claim upon which relief may be granted against Defendants.

### **SECOND AFFIRMATIVE DEFESNE**

47. Defendant is informed and believes and there on allege that Plaintiff has waited an unreasonably long time to file this lawsuit, and Defendant's ability to defend this lawsuit has been severely prejudiced due to this unreasonable delay by denying them access to documents, other physical evidence, witnesses, or a reasonably fresh recollection of the events giving rise to this lawsuit.

### **THIRD AFFIRMATIVE DEFENSE**

48. Defendant is informed and believes and there on alleges that Plaintiff has failed to take reasonable steps to reduce or minimize the damages experienced.

### **FOURTH AFFIRMATIVE DEFENSE**

49. Defendant is informed and believe and there on alleges that Plaintiff has through representations or actions waived its right to sue, and therefore cannot sustain this action.

### FIFTH AFFIRMATIVE DEFENSE

50. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

51. Defendant is informed and believes and there on alleges that other persons were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

52. Defendant is informed and believes and there on alleges that the Complaint, and each cause of action contained therein, is barred by the doctrine of Unclean Hands.

### EIGHTH AFFIRMATIVE DEFENSE

53. Defendant is informed and believes and there on alleges that Plaintiff consented to all the acts of Defendant complained of in the Complaint, and that said consent was both express and implied.

### NINTH AFFIRMATIVE DEFENSE

54. Defendant is informed and believes and there on alleges if any copyright was infringed upon, Defendant made fair use of that copyright.

### TENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred by the doctrine of misuse of copyright.

### ELEVENTH AFFIRMATIVE DEFENSE

56. Defendant is informed and believes and there on alleges that the material copyrighted by Plaintiff lacks sufficient originality to warrant copyright protection.

**TWELFTH AFFIRMATIVE DEFENSE**

57. Defendant is informed and believes and there on alleges that Plaintiff's copyrights are invalid and/or unenforceable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

58. Plaintiff's claims are barred to the extent Plaintiff has forfeited or abandoned its intellectual property.

**FOURTEENTH AFFIRMATIVE DEFENSE**

59. Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to Defendant's use.

**FIFTEENTH AFFIRMATIVE DEFENSE**

60. Plaintiff's claims are barred because Defendant acted, at all times, in good faith, and with non-willful intent.

**ADDITIONAL DEFENSES**

61. Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**PRAYER FOR RELIEF**

62. WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For costs of suit incurred herein;
4. For attorney's fees according to statute or contract, and

5. For such other and further relief as the Court deems Proper.

DATED: October 27, 2014

**MILLSTEIN & ASSOCIATES**

By: __*/s/ David J. Millstein*________________
David J. Millstein
Gerald S. Richelson
Attorneys for Defendant SF GLOBAL SOURCING LLC.