H. MICHAEL BRUCKER LAW CORPORATION
H. MICHAEL BRUCKER (#36297)
5855 Doyle Street — Suite 110
Emeryville, California 94608
Telephone: (510) 654-6200
Facsimile: (510) 654-6166

STEVEN M. KIPPERMAN LAW CORPORATION
STEVEN M. KIPPERMAN (#40895)
220 Montgomery Street — Suite 1077
San Francisco, California 94104
Telephone: (415) 397-8600
Facsimile: (415) 397-0792

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOLKMANIS, INC., ) | Case No. CV 14-03828 EMC |
| Plaintiff, ) | |
| vs. ) | **UPDATED JOINT CASE MANAGEMENT STATEMENT** |
| DELIVERY AGENT INC.; ) S.F. GLOBAL SOURCING LLC; ) CBS BROADCASTING, INC. and ) SHANGHAI ORILAND TOYS ) CO., LTD., ) | Date:     April 23, 2015 |
| ) | Time:     10:30 am |
| Defendants. ) | Judge:    Chen, E. |

## INTRODUCTION AND UPDATE

Pursuant to the court's Order of 12/18/14, (Doc # 33 filed 1/16/15), the parties exchanged some requested documents on an informal basis, and attended a "private mediation" on March 5, 2015.  The parties did not settle the matter at that time.

## JOINT CASE MANAGEMENT STATEMENT

A.   **Jurisdiction and Service:**

This is an action for copyright infringement.

The Court has subject matter jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).  The Court has supplemental jurisdiction over Defendants Delivery Agent's and S.F. Global Sourcing's cross-claims under 28 U.S.C. § 1367 because those claims arise from the same transactions or occurrences as Plaintiff's claims.

This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

Defendants DELIVERY AGENT, INC. [DA]; S.F. GLOBAL SOURCING LLC [SFGS]; and CBS BROADCASTING INC. [CBS] have been served.

Defendant SHANGHAI ORILAND TOYS CO., LTD. [SOTC] is an entity the precise nature of which is unknown to Plaintiff, but Plaintiff alleges to have been used by Defendant SFGS to make accused product for Delivery Agent and CBS Broadcasting.  SOTC's principal place of business is in Shanghai, China.  Plaintiff has not made a final decision whether to attempt service in the Peoples' Republic of China on SOTC.

B.   **Facts:**

**Plaintiff, Folkmanis, Inc., submits that the following basic facts are without substantial controversy.**

Joint Case Management Statement          2          Case No. CV14-3828 EMC

11066235.2

1. Folkmanis, a family owned, small business, is an industry leading creator, manufacturer and distributor of artist created, original, high quality, stuffed animal puppets.  Over the past four decades, Folkmanis' artist-employees have designed and produced over a thousand different original plush, museum quality, stuffed animal puppets crafted from the finest materials.  Over the years, Folkmanis® puppets have garnered numerous awards in recognition of outstanding creativity, craftsmanship, and quality.

2. Between 2010 and April of 2012, Folkmanis sold DA approximately 18,000 original, copyrighted, soft sculpture puppets emulating a hippopotamus (Folkmanis Hippo Puppets), and approximately 7,500 original, copyrighted, soft sculpture, small stuffed animal toys emulating a hippopotamus used as a fob for a keychain (Folkmanis Hippo Keychains).  Each Folkmanis Hippo Puppet and Folkmanis Hippo Keychain had a sewn-in tag that prominently displayed a copyright notice that reads: "© Folkmanis, Inc.  All rights reserved."

3. Defendant CBS owns, *inter alia*, the U.S. Trademark Registration No. 4579206 for the service mark CBS STORE, for use in connection with on-line retail store services featuring a wide variety of merchandise including that related to CBS properties such as NCIS.

4. DA sold Folkmanis® Hippo Puppets and Folkmanis® Hippo Keychains on its on-line CBS Store, and other on-line stores, including without limitation, the NBC Store, Amazon, eBay, and others as "Bert the Farting Hippo".

5. Defendant SFGS specializes in sourcing products for others from China, from, *inter alia*, Defendant SOTC including for Defendant DA.

6. After April 2012, DA stopped purchasing Folkmanis® Hippo Puppets and Folkmanis® Hippo Keychains and started purchasing hippo puppets and hippo keychains from Defendant SFGS that are, in all material respects, identical to the copyrighted Folkmanis® Hippo Puppets and Folkmanis® Hippo Keychains.  In the process of sourcing from SOTC, SFGS sent SOTC one or more samples of a Folkmanis® Hippo Puppet and a Folkmanis® Hippo Keychain

and instructed that they be copied exactly, which they were.  DA had SOTC substitute the Folkmanis copyright notice with a copyright notice identifying a CBS company "CBS Studio, Inc." as the copyright owner.

**C.    Defendants Delivery Agent and CBS Broadcasting have admitted or denied these allegations, which are nearly verbatim from Plaintiff's Complaint, and additionally state as follows:**

1. In or about 2005, CBS Broadcasting's popular television show NCIS debuted a new puppet:  a hippopotamus toy with added worn accessories and a dubbed noise that accompanied NCIS character Abby Sciuto.  The puppet has appeared in numerous episodes of the show and has become well-known as "Bert the Farting Hippo."

2. Delivery Agent operates e-commerce stores from which it sells consumer goods directly to the public.  The on-line CBS Store is one of these stores.  In or around 2010, Delivery Agent began selling a Bert the Farting Hippo product with the same added accessories as the NCIS character and a built-in farting noise through the CBS Store.  Folkmanis was the initial manufacturer of this product, and Delivery Agent changed suppliers to S.F. Global Sourcing in or about 2012. Folkmanis first raised any issue with Delivery Agent regarding this product in 2014.  CBS Broadcasting's first notice of this dispute was not until the commencement of the instant lawsuit.

3. Defendants Delivery Agent and CBS Broadcasting dispute that they offered for sale or sold any product that infringes any copyright that Plaintiff claims to own and deny that Plaintiff suffered any recoverable damages.

4. Delivery Agent is seeking defense and indemnity from S.F. Global pursuant to an express indemnity agreement in a master services contract between them. S.F. Global is contractually obligated to provide Delivery Agent's defense and indemnify it. Delivery Agent has denied and continues to deny that S.F. Global allegations, as set forth below verbatim from its cross-claim, have any validity.

5. Additional factual issues that may be in dispute are: (1) when and how Plaintiff learned of the complained-of sales of Bert the Farting Hippo products; (2) the circumstances and details of Plaintiff's alleged authorship of the asserted works; (3) CBS Broadcasting's alleged role in the offering for sale or sale of the accused products; (4) the alleged willfulness of Delivery Agent and CBS Broadcasting; and (5) the elements of any profits of Defendants attributable to factors other than Plaintiff's alleged copyrighted work.

**D.  Defendant SFGS disputes the above specified facts and submits the following as additional facts:**

1. SF GLOBAL SOURCING LLC. ("SF Global") is a California Limited Liability Company whose business specializes in the outsourcing of manufacturing of various types of media primarily from China.

2. DA is in the business of acquiring certain intellectual property rights of primarily the television industry for the limited purpose of merchandising products featured on such shows.

3. Steven Feinberg, the CEO of SF Global, contacted DA to offer SF Global's sourcing and manufacturing services to DA. DA listened to SF Global's proposal and agreed to hire them for the purposes of producing various hippopotamus products. DA told SF Global that DA had been selling such products previously.

4. Steven Feinberg met at DA's offices to go over a sample of the product to be sourced from China with an employee, agent, and authorized representative of DA. At the meeting, Steven Feinberg brought the copyright tag on the hippopotamus DA provided as a guide to the DA employee's attention. The DA employee informed Steven Feinberg that they had or would take care of that. DA had previously sold many thousands of such items and had a relationship with the licensee. Based upon DA's size, apparent reputability, affiliation with CBS, SF Global relied on this representation.

5. SF Global is now informed that DA did not acquire any license to the products it contracted with SF Global to source the manufacture of in China.

6. It is not SF Global's business to acquire intellectual property licenses – it simply sources the manufacturing of products.

7. Steven Feinberg relied on DA's representations that DA would take care of all copyright and other intellectual property issues, *if any*, regarding the hippopotamus product in both agreeing to source the manufacturing of said product and agreeing to the Delivery Agent Vendor Partnership Manual.

8. SF Global, as a direct result of DA's misrepresentation that it either had or would acquire the licensing to the hippopotamus products DA contracted with SF Global to source the creation of, now faces suit from Folkmanis in the present action.

9. At a June 30, 2014 meeting between DA, SF Global and Plaintiff's counsel, as well as in previous phone conversations, Mark Smith the General Counsel for DA agreed on behalf of DA to indemnify SF Global for any liability arising out of any copyright suits brought by Folkmanis in relation to the production of the hippopotamus products whose manufacture SF Global sourced from China.  In reliance on Mark Smith's representations that DA would indemnify SF Global, Steven Feinberg attended the June 30, 2014 meeting without counsel.  Furthermore, Steven Feinberg has, in reliance on Mark Smith's representation that DA would indemnify SF Global Sourcing, provided DA numerous documents in his possession related to the case without aid of counsel and outside formal discovery.  Lastly, Steven Feinberg delayed hiring SF Global's counsel in reliance on Mark Smith's continued representations that DA would indemnify SF Global Sourcing.

10. Mark Smith, in an email dated August 5, 2014, agreed in writing to draft a letter indemnifying SF Global Sourcing.  DA has yet to provide such a letter to SF Global Sourcing.

### E. Legal Issues:

The only presently known disputed points of law are:

1. Plaintiff asserts and Defendants dispute that Defendants, other than SOTC, are jointly and severally liable for profits made by SOTC because the infringement was willful.

2. Defendants Delivery Agent and CBS Broadcasting assert that neither of them have infringed any works in which Plaintiff claims to have rights.

3. Defendants Delivery Agent and SFGS have asserted cross-claims against one another seeking indemnity in connection with Plaintiff's allegations.

4. SF Global Sourcing LLC, additionally, asserts that any liability it may incur is the sole result of misrepresentations made by DA.

### F. Motions:

No motions have been filed. The parties anticipate filing motions for summary judgment. Plaintiff may file a motion to sever the indemnity dispute among the defendants.

### G. Amendment of Pleadings:

Plaintiff is considering dismissing SOTC. See above.

The parties propose that the deadline for amending the pleadings be August 31, 2015.

### H. Evidence Preservation:

The parties have met and conferred initially regarding appropriate evidence preservation and acknowledge their responsibilities to preserve potentially relevant evidence, including electronically stored information. The parties will continue to meet and confer as reasonably necessary and with appropriate reference to the Northern District of California's ESI Guidelines as discovery progresses.

The parties certify that they have reviewed the Northern District of California's ESI Guidelines.

**I.     Disclosures:**

The parties have each made their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**J.     Discovery:**

The parties propose a discovery and case schedule as set forth below.

The parties anticipate that discovery will proceed in a timely manner on the mentioned factual issues.

No proposed limitations or modifications of the discovery rules are suggested at this time. No discovery has been taken to date, and no discovery disputes have been identified. The parties have considered entering into a stipulated e-discovery order and will continue to meet and confer on this topic as appropriate.

The discovery plan proposed pursuant to Fed. R. Civ. P. 26(f) is:

| | |
|---|---|
| First day to serve discovery | April 30, 2015 |
| Fact discovery cutoff | October 30, 2015 |
| Initial expert witness designation | November 13, 2015 |
| Rebuttal expert designation | December 18, 2015 |
| Expert discovery cutoff | February 5, 2016 |
| Dispositive motion hearing deadline | March 31, 2016 |
| Pretrial Conference | April 26, 2016 |
| Trial | May 31, 2016 |

**K.     Class Actions:**

Not applicable.

**L.     Related Cases:**

The parties know of no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**M.     Relief:**

Plaintiff primarily seeks Defendants' profits from the sale of the accused products (Plaintiff does not believe there is a genuine significant dispute about

this figure), a reasonable attorneys' fee, statutory damages, a portion of profits on related goods sold by Defendants, the sales of which were enhanced by the infringement, injunctive relief, and destruction of infringing items.  Defendants contend that Plaintiff is not entitled to any of the relief it seeks, and further asserts that Plaintiff must elect between actual damages and statutory damages if it were able to prove infringement.

Defendants seek judgment in their favor vis a vis Plaintiff, and would intend to seek attorneys' fees and costs under the Copyright Act as the prevailing party in the litigation.  Defendant Delivery Agent seeks indemnity and monetary damages from SFGS in connection with Plaintiff's claims.  SFGS seeks indemnity from Delivery Agent in connection with Plaintiff's claims.  SFGS further seeks exemplary damages, costs of litigation, and attorneys' fees from Delivery Agent.

**N.     Settlement and ADR:**

Pursuant to the Court's January 16, 2015 Amended Civil Minutes, the parties conducted a private mediation on March 5, 2015. As noted above, the matter did not settle. The parties have not engaged in further substantive settlement discussions since that date.

**O.     Consent to Magistrate Judge For All Purposes:**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**P.     Other References:**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Q.     Narrowing of Issues:**

The parties do not currently believe there are issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

Plaintiff believes that summaries of sales and profits, or a stipulation about Defendants' profits from the accused products would expedite matters. The parties will endeavor to stipulate to narrow the factual and legal issues in dispute before trial, to the extent possible.

**R.     Expedited Schedule:**

Plaintiff believes, and Defendants do not believe, this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**S.     Scheduling:**

See Item J above for the parties' proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**T.     Trial:**

The case will be tried to a jury.

Plaintiff expects a reasonable estimate of trial length to be 4 days. Defendants Delivery Agent and CBS Broadcasting expect a reasonable estimate of trial length to be 5-7 days.

**U.     Disclosure of Non-party Interested Entities or Persons:**

Each party, other than SOTC, has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

There are no persons, firms, etc., known that must be disclosed herein, other than Defendant CBS Broadcasting's statement in its Certificate of Interested Parties that:

> CBS Broadcasting Inc. is an indirect wholly-owned subsidiary of CBS Corporation, a publicly-traded company. National Amusements, Inc., a privately-held company, beneficially owns the majority of the voting stock of CBS Corporation.

**V.     Professional Conduct**

The undersigned have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**W.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None known at this time.

Dated:  April 15, 2015

        H. MICHAEL BRUCKER LAW CORPORATION
        STEVEN M. KIPPERMAN LAW CORPORATION

        By  /S/
            Steven M. Kipperman
            Counsel for Plaintiff

        MILLSTEIN & ASSOCIATES

        By  /S/
            David Millstein
            Counsel for Defendant S.F. Global Sourcing LLC

        HANSON BRIDGETT LLP

        By  /S/
            Garner K. Weng
            Christopher S. Walters
            Counsel for Defendants
            Delivery Agent, Inc. and CBS Broadcasting Inc.